**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Alicia N.F.C.,

           Petitioner,

v.

Todd Blanche, *Acting Attorney General*;
Markwayne Mullin, *Secretary, U.S. Department of Homeland Security*;
Department of Homeland Security;
Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*;
Immigration and Customs Enforcement;
Daren K. Margolin, *Acting Director for Executive Office for Immigration Review*;
Executive Office for Immigration Review;
David Easterwood, *Acting Field Director, St. Paul Field Office Immigration and Customs Enforcement*; and Troy Schilling, *Captain, Crow Wing County Jail Administrator*,

           Respondents.

Civil No. 26-2145 (DWF/JFD)

**MEMORANDUM**
**OPINION AND ORDER**

## INTRODUCTION

This matter is before the Court on Petitioner Alicia N.F.C.'s petition for a writ of habeas corpus (the "Petition"). (Doc. No. 1.) Respondents filed a response asserting authority to detain Petitioner under 8 U.S.C. § 1225(b)(2). (Doc. No. 6.) For the reasons set forth below, the Court grants the Petition and orders Respondents to provide Petitioner with a bond hearing.

## BACKGROUND

Petitioner is a citizen of Honduras and resident of Ramsey County, Minnesota. (Doc. No. 1 ¶¶ 14, 45.)  Petitioner has lived in the United States since June 9, 2019.  (*Id.* ¶ 48.)  She was initially detained upon entering the country and determined to be inadmissible.  (Doc. No. 7-1 at 2; Doc. No. 7-5.)  She claimed fear of returning to Honduras and was given a credible fear interview on June 27, 2019.  (Doc. No. 1 ¶ 50; Doc. No. 7-1 at 2.)  U.S. Citizenship & Immigration Services determined that Petitioner had a credible fear and issued a notice to appear.  (Doc. No. 7-4 at 2; Doc. No. 7-6.)  She was subsequently released on bond.  (Doc. No. 1 ¶ 52; Doc. No. 7 ¶¶ 5-6.)  She then applied for asylum.  (Doc. No. 1 ¶ 53.)

On March 31, 2026, Petitioner was issued a citation for domestic assault against her adult sister.  (*Id.* ¶ 54; Doc. No. 7-2.)  The next day, she was released on recognizance without bail by a Ramsey County criminal court judge upon a finding that Petitioner was not a danger to the community.  (Doc. No. 1 ¶¶ 55, 57-58.)  That charge is currently pending.  (*Id.* ¶ 56.)

That citation prompted U.S. Immigration and Customs Enforcement ("ICE") to issue a warrant for Petitioner's arrest.  (Doc. No. 7-4 at 2.)  Following her release from state custody, Petitioner was taken into ICE custody.  (Doc. No. 1 ¶ 60; Doc. No. 7 ¶ 10.)  She was served with an administrative arrest warrant at the Ramsey County Jail.  (Doc. No. 7-3; Doc. No. 7-4 at 2.)  She is currently in ICE custody at the Crow Wing County Jail in Brainerd, Minnesota.  (Doc. No. 1 ¶¶ 13, 15.)  She was scheduled for an immigration court date on April 10, 2026.  (Doc. No. 7 ¶ 13.)

At the time of arrest, Petitioner alerted the ICE agents that she believed herself to be two weeks pregnant. (Doc. No. 7-4 at 3; Doc. No. 9 at 3, 14.) She was given an exam which confirmed a pregnancy at approximately eleven weeks along. (Doc. No. 7 ¶ 11; Doc. No. 9 at 15.) Petitioner is struggling with pregnancy in detention. She had issues with her first pregnancy that required medication. (Doc. No. 1 ¶¶ 64-65.) In detention, she does not have access to that medicine for this pregnancy, which is causing her pain and vomiting. (*Id.* ¶¶ 65-67.) The exam given at the jail confirmed digestive issues. (Doc. No. 9 at 15, 19.) Petitioner was prescribed prenatal vitamins and medications to help with her digestive system. (*Id.* at 15, 18.)

Petitioner filed the Petition on April 4, 2026. (Doc. No. 1 at 21.) Petitioner asserts that her detention is unlawful because it violates the Due Process Clause of the Fifth Amendment and the Administrative Procedure Act. (*Id.* ¶¶ 86-101.) Petitioner requests immediate release from detention. (*Id.* ¶ 82.)

## DISCUSSION

A district court may provide habeas relief to a person who is being detained in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). That authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900-01 (D. Minn. 2020). The burden is on the petitioner to prove illegal detention by a preponderance of the evidence. *See Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154 (D. Minn. 2025).

Respondents argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and point to an Eighth Circuit case: *Avila v. Bondi*, No. 25-3248, 2026 WL 819258 (8th Cir. Mar. 25, 2026). (Doc. No. 6 at 1-2, 4.)[1] In *Avila*, the Eighth Circuit interpreted § 1225(b)(2)(A) to require detention of any noncitizen present in the United States who has not been admitted, regardless of whether they are arriving at the border or within the interior, if an examining officer determines that the noncitizen seeking admission "is not clearly . . . entitled to be admitted." *See Avila*, 2026 WL 819258, at *3-4. Respondents' statutory arguments are irrelevant because Petitioner acknowledged *Avila*'s application and sought relief on other grounds. (*See* Doc. No. 1 ¶ 72.)

Specifically, Petitioner challenges the constitutionality of her detention under the Due Process Clause. (*Id.* ¶¶ 86-95.) The *Avila* opinion did not address the issue of due process. *See* 2026 WL 819258, at *8 & n.8 (Erickson, J., dissenting). Respondents were specifically directed to address each count of the Petition in their response. (Doc. No. 3 ¶ 2.) Yet Respondents did not address the Fifth Amendment claim in their response. (*See* Doc. No. 6.) They have therefore waived any argument on the due process issue. *See, e.g.*, *Pedro Eduardo R.P. v. Bondi*, No. 26-cv-1323, 2026 WL 473140, at *3

---

[1]     Respondents' response was untimely, so the Court need not consider their arguments. The Court discusses them briefly because they fail anyway.

Respondents filed a "status report" one hour prior to the Court's response deadline stating that they would file a response by 3 p.m. that day, rather than following the Court's deadline of 12 p.m. (Doc. No. 5.) The Court reminds counsel that extensions must be approved by the Court.

(D. Minn. Feb. 17, 2026) (discussing waiver of constitutional claims), *report and recommendation adopted*, 2026 WL 478607 (D. Minn. Feb. 19, 2026).  Nonetheless, Petitioner would be entitled to relief under a due process analysis, as explained below.

No person within the United States—including noncitizens who entered unlawfully—shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V; *see Zadvydas*, 533 U.S. at 693.  Civil detention violates the Due Process Clause unless there is a "special justification" that "outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas*, 533 U.S. at 690 (citation modified).  To determine whether a civil detention violates a detainee's due process rights, courts apply the three *Mathews* factors.[2]  *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976); *see, e.g.*, *Maldonado*, 795 F. Supp. 3d at 1148.  The three factors are:  (1) the private interest affected by the official action; (2) the risk of erroneous deprivation of such interest, and the probable value of additional or substitute procedural safeguards; and (3) the government's interest, including the burden of those additional or substitute safeguards.  *Mathews*, 424 U.S. at 335.  These factors favor Petitioner.

First, freedom from detention is a central due process protection.  *See Zadvydas*, 533 U.S. at 690 ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process]

---

[2]    Use of the *Mathews* factors is appropriate here despite the Eighth Circuit's decision to bypass this test in *Banyee v. Garland*, 115 F.4th 928 (8th Cir. 2024).  *Banyee* analyzed the mandatory detention of a noncitizen pursuant to § 1226(c).  *See id.* at 930. Here, Respondents invoke § 1225(b)(2)(A) to detain Petitioner.

Clause protects."); *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004) ("[T]he most elemental of liberty interests [is] the interest in being free from physical detention by one's own government."). Especially in light of her pregnancy, detention poses a risk to Petitioner. She has a strong interest in freedom.

Second, without an individual assessment, the risk of erroneous deprivation is high. *Cf. Abdirashid H. M. v. Noem*, No. 25-cv-4779, 2026 WL 127698, at *4 (D. Minn. Jan. 9, 2026) (granting habeas relief under § 1226, in part, because lack of process created a high risk of erroneous deprivation). And providing an individualized assessment as to the government's interest in detaining Petitioner would ameliorate that risk. *See id.*

Third, the government's interest in detaining Petitioner is weak because they have not established that Petitioner is unlikely to appear or that she poses any threat to the community. *See Maldonado*, 795 F. Supp. 3d at 1153-54 (granting habeas petition in part because there was no showing that public safety or attendance concerns required detention). Indeed, the state court judge recently determined that Petitioner was not a danger. Respondents may now believe she poses a threat, and they can argue that to the immigration judge. Further, Petitioner was released previously on bond. The government cannot revoke the bond without due process. *Cf. Dos Santos Silva v. Warden, Lincoln Cnty. Det. Ctr.*, No. 26-cv-131, 2026 WL 926725, at *1 (D. Neb. Apr. 6, 2026) (explaining that the government cannot recategorize released immigrants without due process). Finally, the burden of providing a hearing is low, especially considering that Respondents scheduled Petitioner for a hearing previously.

6

The *Mathews* factors weigh in favor of Petitioner.  The Court finds that requiring a bond hearing will balance the interests of Petitioner and Respondents.[3]

## ORDER

Based on the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1.      Petitioner's petition for writ of habeas corpus (Doc. No. [1]) is **GRANTED**.

2.      The Court **DECLARES** that Petitioner's detention without an individualized bond hearing violates her rights under the Due Process Clause of the Fifth Amendment.

3.      Respondents are **ORDERED** to provide Petitioner with a bond hearing before an immigration judge in Minnesota within seven (7) days of the date of this Order.

4.      If Respondents do not provide Petitioner with a bond hearing as required by this Order, Petitioner must be immediately released from detention.

    a.      In the event that Respondents release Petitioner, they must do so: (1) in Minnesota; (2) with all personal documents and belongings, such as her driver's license, passport, other immigration documents, and cell phone; (3) without any conditions on release, including but not limited to requiring Petitioner to sign an "Order of Release on Recognizance" or requiring Petitioner to

---

[3]     The nature of the immigration hearing held on April 10, 2026, is unclear to the Court.  If that hearing was a bond hearing, that hearing will suffice for purposes of this Order and Respondents may point to that hearing in their status update.

enroll in and complete an "Alternatives to Detention" program; (4) without any tracking devices or use of a tracking application; and (5) with all clothing and outerwear she was wearing at the time of detention, or other proper attire.

      b.    In addition, Respondents shall provide reasonable advance notice to counsel to arrange for a safe release of Petitioner.  Petitioner's counsel is Carrie Peltier who can be reached at 651-505-0050.

5.    Within ten (10) days of the date of this Order, Respondents shall provide the Court with a status update concerning the results of any bond hearing conducted pursuant to this Order, or if no bond hearing was held, advise the Court regarding Petitioner's release.

6.    Respondents, or anyone acting in concert with Respondents, are **ENJOINED** from removing, transferring, or otherwise facilitating the removal of Petitioner from the District of Minnesota prior to the ordered bond hearing.

    **LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  April 14, 2026        s/Donovan W. Frank
        DONOVAN W. FRANK
        United States District Judge